UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:09-cv-734-JPG-DGW |
| v. | ) |
| | ) |
| HITACHI CONSTRUCTION TRUCK | ) |
| MANUFACTURING, LTD. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Hitachi Construction Truck Manufacturing, Ltd.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 34). Plaintiff Donald Sims has responded to the motion (Doc. 36), and the defendant has replied to that response (Doc. 37).

**I.      Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim), *cert. denied*, 130 S. Ct. 1141 (2010). The defendant asserts that Sims has pled facts establishing that his cause of action is barred by the statute of limitations.

## II.     Background

### A.     Incident

The Second Amended Complaint alleges that Sims was injured in a July 21, 2007, incident involving a truck designed, manufactured and distributed by Hitachi Construction Truck Manufacturing, Ltd. or its predecessor Euclid-Hitachi.  While Sims was driving the truck for his job at the Black Beauty Coal Company, a fuel line in the truck ruptured and sprayed fuel on the engine.  As a result, the truck caught fire, forcing Sims to jump from the truck.  The jump caused Sims to be seriously injured.

### B.     Complaint

On July 17, 2009, only days before Illinois' two-year statute of limitations for personal injury expired, *see* 735 ILCS 5/13-202, Sims filed a lawsuit in the Circuit Court of the Second Judicial Circuit, Gallatin County, Illinois.  Sims alleged causes of action for negligence and strict products liability against three defendants, including one named in the caption and in the introductory paragraph as:

> Euclid-Hitachi, a dissolved Delaware Corporation, n/k/a *Hitachi Construction Truck Manufacturing*, d/b/a Hitachi Construction Machinery Corporation, a Texas Corporation.

Compl. at 1 (Doc. 2-1) (emphasis added).  Later in the Complaint, Sims explained:

> 3.     Defendant was a Delaware Corporation known as Euclid-Hitachi, until dissolving and changing its name to *Hitachi Construction Truck Manufacturing Ltd.*, effective January 1, 2004.
>
> 4.     *Hitachi Construction Truck Manufacturing Ltd.*, is part of Hitachi Construction Machinery, Co. Ltd., a Texas Corporation with its principal place of business at 1000 Deere Hitachi Road, Kernersville, NC  27285.

Compl. ¶¶ 3-4 (Doc. 2-1) (emphasis added).  Sims was not able to serve the Complaint on this defendant.

C.      Amended Complaint

On October 16, 2009, Sims amended his pleading to change what he believed to be a misnomer of one of the defendants. The Amended Complaint named in the caption:

> Euclid-Hitachi n/k/a *Hitachi Construction Truck Manufacturing* d/b/a/ Hitachi Construction Machinery (America) Corporation.

Am. Compl. at 1 (Doc. 14) (emphasis added). In the introductory paragraph, Sims named the defendant as:

> Euclid-Hitachi, a dissolved Delaware Corporation, n/k/a *Hitachi Construction Truck Manufacturing*, d/b/a Hitachi Construction Machinery (America) Corporation, a Texas Corporation.

Am. Compl. at 1 (Doc. 14) (emphasis added). Later in the Amended Complaint, Sims explained:

> 3.      Defendant Euclid-Hitachi n/k/a *Hitachi Construction Truck Manufacturing* d/b/a/ Hitachi Construction Machinery (America) Corporation was a Delaware Corporation known as Euclid-Hitachi, until dissolving and changing its name to *Hitachi Construction Truck Manufacturing Ltd.*, effective January 1, 2004.
>
> 4.      *Hitachi Construction Truck Manufacturing Ltd.*, is part of Hitachi Construction Machinery (America) Corporation, a Texas Corporation with its principal place of business at 1000 Deere Hitachi Road, Kernersville, NC 27285.

Am. Compl. ¶¶ 3-4 (Doc. 14) (emphasis added). Sims did not serve the Amended Complaint on this defendant.

D.      Second Amended Complaint

On December 4, 2009, Sims amended his pleading again to allege the defendant simply as:

> Hitachi Construction Truck Manufacturing, Ltd.

2d Am. Compl. at 1 (Doc. 24). Sims alleges in the introductory paragraph that this entity is a Canadian corporation, and he explains further in the pleading:

> 3.      Defendant *Hitachi Construction Truck Manufacturing, Ltd.* is a Canadian Corporation formerly known as Euclid-Hitachi, a Delaware Corporation, until

3

>dissolving and changing its name to *Hitachi Construction Truck Manufacturing Ltd.*, effective January 1, 2004.

2d. Am. Compl. ¶ 3 (emphasis added).  Sims served this complaint on the defendant, now the sole defendant in the case.  The defendant answered the Second Amended Complaint on December 8, 2009.

In sum, since the Complaint, Sims has identified the defendant in question as either Hitachi Construction Truck Manufacturing ("HCTM") or Hitachi Construction Truck Manufacturing Ltd. ("HCTM Ltd.").  He has consistently stated that this entity was formerly known as Euclid-Hitachi, but he has varied the names under which he alleges the entity does business.

The defendant has moved to dismiss Sims' claims on the ground that Sims did not bring it into the case until he filed the Second Amended Complaint, which was well beyond the two-year statute of limitations had passed.  It believes the Second Amended Complaint does not relate back to the Complaint under Federal Rule of Civil Procedure 15(c) or 735 ILCS § 5/2-616(d), which sets forth the circumstances in which the correction of a defendant's mistaken identity relates back to an earlier pleading.  Sims argues that the Second Amended Complaint relates back to the Complaint and that his claims are therefore timely.

**III.     Analysis**

Sims' Second Amended Complaint relates back to the Complaint.  All parties agree that the statute of limitations applicable to this diversity case is the Illinois two-year statute of limitations for personal injury, 735 ILCS § 5/13-202.  *See Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 633 (7th Cir. 2002) (noting statutes of limitations are generally substantive matters governed by state law in federal diversity jurisdiction cases).  They disagree, however, about whether the Second Amended Complaint, which is the first to name HCTM Ltd. in the caption

4

and introductory paragraph, relates back to the date Sims filed the Complaint, clearly within the limitations period.

Federal Rule of Civil Procedure 15(c) governs relation back of amended pleadings for statute of limitations purposes. That rule states, in pertinent part:

> ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Sims argues that his amendments relate back to the original complaint under subsection (A) and, alternatively, subsection (C). HCTM Ltd. contests this contention.

The Court is puzzled at the parties approach to this issue. They take the position that each of Sims' amended pleadings named a new party that was not named in the original complaint. The Court disagrees with this fundamental assumption. The first two complaints named HCTM in the caption and introduction but explained in the body that the proper defendant was HCTM Ltd. Each complaint explained that the defendant was the successor to Euclid-Hitachi, but each erroneously described the name by which the company was purportedly

doing business. The differences in the "d/b/a" designation did not effect the status or identity of the real party in interest – HCTM Ltd. A Nebraska district court nicely described the significance – or insignificance, as the case may be – of a "d/b/a" designation:

> The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.

*Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (D. Neb. 1977), *aff'd*, 578 F.2d 721 (8th Cir. 1978). Thus, the relevant defendant has been named in this case since the beginning of this lawsuit, and the Second Amended Complaint relates back to the Complaint pursuant to Rule 15(c)(1)(B) because the claims in the Second Amended Complaint are the same as those in the Complaint.

To the extent that the difference between naming HCTM and HCTM Ltd in the caption and introduction of the pleadings may be significant, and as explained above the Court does not think it is, the subsequent pleading would relate back because the prior pleadings were simple misnomers under Illinois law. "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS § 5/2-401(b). Thus, resort to Rule 15(c)(1)(A), (C) or 735 ILCS § 5/2-616(d) regarding relation back in the case of mistaken identity is unnecessary.

The Court looks to Illinois law since it "provides the applicable statute of limitations." Fed. R. Civ. P. (c)(1)(A). Under Illinois law, a misnomer occurs where a plaintiff sues and serves the summons on the party it intends to make a defendant, giving that party notice of the suit, but calls that party by the wrong name. *Wheaton v. Steward*, 817 N.E.2d 1029, 1032 (Ill. App. Ct. 2004); *Retzler v. Pratt & Whitney Co.*, 723 N.E.2d 345, 356 (Ill. App. Ct. 1999).

Where a misnomer occurs, a party may correct the name of the party sued at any time. *Wheaton*, 817 N.E.2d at 1032; *Estate of Henry v. Folk*, 674 N.E.2d 102, 104 (Ill. App. Ct. 1996). The correction will not impact the effectiveness of the service or the rest of the litigation against the party intended to be the defendant. *See Retzler*, 723 N.E.2d at 356. A misnomer differs from a case of mistaken identity; in the former, the plaintiff sues the right party by the wrong name, but in the latter, the plaintiff sues the wrong party. *See Estate of Henry*, 674 N.E.2d at 104. To determine whether a case involves a misnomer or a mistaken identity, the Court looks to the intent of the party as manifested by the objective facts. *Id.*

The objective manifestations of Sims' intent in the record of this case show that he sued and attempted to serve HCTM Ltd., the real party in interest, and simply called it by the wrong name – HCTM minus the "Ltd." – in some places in the pleadings. He clearly intended to sue and serve the successor to Euclid-Hitachi that designed and manufactured the truck at issue in this case. Furthermore, he identified that company in the body of the Complaint as HCTM Ltd. That he misunderstood its relationships to other Hitachi corporate entities by which it was allegedly "d/b/a" did not render the identification a mistake. In addition, there is no indication that a separate entity called HCTM minus the "Ltd." actually exists independently of HCTM Ltd. such that Sims could have misidentified as the proper defendant entity. The naming of HCTM Ltd. in the Second Amended Complaint's caption and introduction was simply a correction of the misnomers in the captions and introductions of the Complaint and Amended complaint.

Additionally, HCTM Ltd. has not alleged it was unaware of this suit prior to the expiration of the statute of limitations plus the time allotted for service or that Sims did not use reasonable diligence in attempting to serve it prior to the Second Amended Complaint. *See Retzler*, 723 N.E.2d at 356 (noting that in the case of misnomer, service after the expiration of

7

the statute of limitations does not bar the suit if the plaintiff made diligent service efforts before then). HCTM Ltd. has also not alleged any prejudice from the way Sims named it in the pleadings or from the delay in service allegedly caused by its agent's failure to accept service of the Complaint. Thus, the Court finds that pursuant to 734 ILCS § 5/2-401(b) Sims was allowed to make the name correction in the Second Amended Complaint without risking dismissal or impacting the rest of the litigation.

The Court notes that this matter was unnecessarily complicated by Sims' attorney's drafting sloppiness, her failure to file the return of service as required by Federal Rule of Civil Procedure 4(l)(1), and her decision to wait until the last minute to file this lawsuit. Had she been conscientious about properly and consistently naming the relevant defendant in the original pleading, she could have avoided the need to amend the pleading, to attempt service multiple times and to litigate the relation back issue. Had she filed proof of service as required by Rule 4(l)(1), the circumstances of the service would have been clarified and might have been helpful to the Court in making its ruling. Finally, had Sims' counsel filed this lawsuit earlier than the eve of the statute of limitations' expiration, she would have had ample time to correct any misnomer without raising statute of limitations issues. The Court expects counsel to be more meticulous in her future filings and cautions her about the obvious hazards of waiting until the eleventh hour to file documents.

### IV. Conclusion

For these reasons, the Court **DENIES** HCTM Ltd.'s motion to dismiss (Doc. 34).

**IT IS SO ORDERED.**
**DATED:  April 20, 2010**

                                          s/ J. Phil Gilbert
                                          **Judge J. Phil Gilbert**