IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| DONALD SIMS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. 3:09-CV-00734-JPG-DGW | |
| | ) | | |
| HITACHI CONSTRUCTION TRUCK MANUFACTURING, LTD., | ) ) | | |
| | ) | | |
| Defendant. | | | |

**PROTECTIVE ORDER**

Pending before the Court is the Defendant's Motion for Protective Order (Doc. 56), filed on September 8, 2010. Defendant Hitachi Construction Truck Manufacturing, Ltd. ("HCTM") seeks a protective order to limit the disclosure of certain documents that contain proprietary, competitively-sensitive, confidential, trade secret, and/or commercially sensitive information belonging to it and third party Rudd Equipment Company ("Rudd"). Plaintiff does not object to this motion.

In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is a good cause to enter an order protecting HCTM and Rudd's confidential information. Wherefore, the Court hereby **GRANTS** the Defendant's Motion for Protective Order. The parties are reminded that should any disputes arise regarding the scope or application of this protective order, they are required to contact the Court before filing a motion.

**THEREFORE, IT IS HEREBY ORDERED:**

1.      Copies of the documents produced in this action by HCTM which are stamped with the term **"Confidential and Subject to Protective Order"** (the "Protected Documents"), shall be protected documents and be given confidential treatment as described in this Order.

2. The Protected Documents produced by HCTM entitled to the protection of this Protective Order are demarcated as follows:

(a) Documents bates labeled HCTM00034 to HCTM00119, consisting of the "Build File" of the truck at issue in this case, which contains information regarding commercially sensitive and proprietary building methods, testing, and quality control procedures;

(b) Documents bates labeled HCTM00120 to HCTM00369, consisting of the "Warranty File" of the truck at issue in this case, which contains commercially sensitive, proprietary, and confidential business information containing trade secrets with respect to the method and means by which this Defendant handles and processes warranty claims and claims for customer support;

(c) Documents bates labeled HCTM00370 to HCTM00400, consisting of engineering and other test reports for the truck at issue in this case, which contains information regarding commercially sensitive and proprietary testing and quality control procedures;

(d) Documents bates labeled HCTM00401 to HCTM00434, consisting of engineering drawings and other documents related to design, development, and manufacturing of the truck at issue in this case, which is information that is commercially sensitive, proprietary, and confidential, and contains trade secrets; and

(e) Other documents that Defendant may yet uncover, which may reasonably relate to and/or supplement the categories of documents listed above, i.e., the Build File, the Warranty File, engineering and other test reports, and/or engineering drawings and other documents related to design, development, and manufacturing.

3. Further, copies of documents produced in this action by third party Rudd which are stamped with the term **"Confidential and Subject to Protective Order"** (also, the "Protected Documents"), shall be protected documents and be given confidential treatment as described in this Protective Order.

4. The Protected Documents produced by Rudd entitled to the protection of this Protective Order are demarcated as follows:

(a) Documents consisting of invoices, maintenance reports, labor and expense reports, and work orders for the truck at issue in this case, which contain commercially sensitive, proprietary, and confidential business information including, but not limited to, competitive pricing information; and

(b) Documents consisting of interoffice correspondence and correspondence between Rudd and Black Beauty Coal Company regarding the truck at issue in this case, which contains commercially sensitive, proprietary, and confidential business information including, but not limited to, competitive pricing information.

5. Portions of deposition testimony taken in this case which contain and/or refer to Protected Documents shall be designated by page and line number, following review of the deposition transcript as being **"Confidential and Subject to Protective Order"** (the "Protected Testimony"), and shall be protected and given confidential treatment as described in this Protective Order.

6. Information provided as part of discovery may contain and/or refer to Protected Documents and such information will be designated as being "**Confidential and Subject to Protective Order**" (the "Protected Information"), and shall be protected and given confidential treatment as described in this Protective Order.

7. Copies of the Protected Documents, Protected Testimony, and Protected Information and the protected material contained or referenced therein produced in this action shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for in this Protective Order.

8. Except for the prior written consent of HCTM (for the Protected Documents it produces) or of Rudd (for the Protected Documents is produces), or upon further orders of this Court, copies of Protected Documents produced in this action and Protected Testimony and/or Protected Information in this action, may be shown, or the contents thereof disclosed, by the parties or by their representatives (as applicable), only to the following persons (hereafter "Authorized Persons") and only subject to the terms of this Protective Order and any such Protected Documents, Protected Testimony, or Protected Information shall be used solely for the purposes of prosecuting or defending the above-captioned lawsuit:

    a. Counsel of record in this action;

    b. Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

    c. Independent experts and consultants retained by parties whose assistance is necessary for the preparation of trial of this specific action, provided that no such disclosure shall be made to any person employed by any competitor of HCTM except upon further Order of this Court;

    d. Parties of record in this action on a need-to-know basis only; and

    e. The Court.

9. Before providing access to any Protected Document, Protected Testimony, or Protected Information to persons described in paragraphs 8(c) and 8(d) above, each person shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by its terms and subject to the jurisdiction of this Court. With respect to persons described in paragraphs 8(c) and

8(d) above, counsel for each party shall in addition maintain a current log of the names and addresses of persons to whom the Protected Documents, Protected Testimony, and Protected Information are furnished, together with a list of Protected Documents, Protected Testimony, or Protected Information identified by the numbers affixed to any such document or other description, or other identifying features in the case of Protected Testimony.  Upon HCTM's request and a good faith basis, such as a reasonable belief that the terms and provisions of this Protective Order have been or are in jeopardy of being violated, counsel for each party shall produce to the Court, for *in camera* review by the Court only, within ten (10) business days of such request, a copy of such log, together with copies of the written agreements executed by persons described in paragraphs 8(c) and 8(d) above.

   10. Before any Protected Document, Protected Testimony, or Protected Information covered by this Order is disclosed to any individual <u>not</u> an Authorized Person – excluding reasonable disclosures, made as part of a good faith effort to reasonably advance this cause of action and/or any defense, at a deposition, in court filings, or at the trial of this action – counsel for the party wanting to make such further disclosure must advise HCTM's counsel.  The notice of intent to make further disclosure must be provided sufficiently in advance of the planned disclosure so as to permit all counsel to have a reasonable "meet and confer" discussion over necessary protective measures for the planned further disclosure of the Protected Documents, Protected Testimony, or Protected Information (and expedited judicial intervention if no agreement can be reached).

   11. The party disclosing Protected Documents, Protected Testimony, or Protected Information to an Authorized Person shall have the duty to insure that any person designated as

an Authorized Person observes the terms of this Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Order.

12. Any Authorized Person or entity granted access to Protected Documents, Protected Testimony, or Protected Information who uses or discloses such information for any purpose other than as provided or permitted by the terms of this Order shall be subject to the Court's authority and jurisdiction, and to any relief the Court deems appropriate, including sanctions. Nothing in this Order shall constitute, or be construed as, an agreement or order binding on any party, non-party, or their attorneys that restricts any person in any way from reporting or investigating actual or suspected crimes, or from reporting or investigating suspected violations of the laws of the United States or of any individual state or other governmental unit or division.

13. A party's obligations to preserve the confidentiality of Protected Documents, Protected Testimony, and Protected Information under this Order shall survive the final termination of this action.

14. Nothing herein shall prevent disclosure beyond the terms of this Order if HCTM (for the Protected Documents it produces) or Rudd (for the Protected Documents it produces) consents to such disclosure or, if the Court, after notice to all affected parties, orders such additional disclosure. Additionally, nothing herein prevents any counsel of record from utilizing Protected Documents in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Protected Document, notwithstanding which party produced such information.

15. All materials produced under this Protective Order, including the information contained therein, and any summaries, copies, abstracts, or other materials derived in whole or in

part from such materials shall be treated as Protected Documents as set forth in this Protective Order.

16. To the extent that Protected Documents, Protected Testimony, or Protected Information or information obtained therefrom are used in the taking of depositions and/or used as exhibits, such documents or information or such Protected Testimony, Protected documents, or Protected Information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents, Protected Testimony, or Protected Information.

17. All documents that are filed with the Court that contain any portion of any Protected Document, Protected Testimony, or Protected Information or information taken from any Protected Document or Protected Testimony shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject to Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

18. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Documents, Protected Testimony, or Protected Information designated as such under this Protective Order, as well as any references to the Protected Documents, Protected Testimony, or Protected Information or their contents, shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Protective

Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

19. HCTM does not waive and specifically reserves herein its right to object to the admissibility of the Protected Documents, Protected Testimony, and Protected Information and any references thereto during the trial of this matter.

20. Inadvertent or unintentional production of the documents, testimony, or other information that should have been marked as **"Confidential and Subject to Protective Order"** shall not be deemed a waiver in whole or in part of HCTM's or Rudd's claim of confidentiality, and a failure to mark inadvertently or unintentionally produced, but unmarked, documents, testimony, or other information shall not be deemed to forever preclude HCTM or Rudd from subsequently designating said documents, testimony, or other information as subject to the protections of this Protective Order. Upon such subsequent designation of documents, testimony, and other information as **"Confidential and Subject to Protective Order,"** the parties agree to treat such inadvertently or unintentionally produced, but originally unmarked, documents, testimony, or other information as subject, in full, to the provisions of this Protective Order.

21. The Authorized Persons receiving the Protected Documents, Protected Testimony, or other Protected Information shall not under any circumstances sell, offer to sell, advertise, or publicize the contents of Protected Documents, Protected Testimony, or Protected Information.

22. This Protective Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

23. This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

24. Nothing in this Protective Order shall prevent a party or non-party, including any interested member of the public, from challenging the secreting of any specific material and from applying to the Court for further provisions regarding the confidentiality of specific material or from otherwise seeking relief from the terms of this Order. If any party contends that any document marked as **"Confidential and Subject to Protective Order"** or otherwise, which is claimed to be subject to this Protective Order is not entitled to such protection, the document will nevertheless be treated as confidential until that party either (a) obtains written permission from the other party to do otherwise, or (b) obtains an Order of this Court finding that the document is not a Protected Document, Protected Testimony, or Protected Information.

25. The parties herein may, by stipulation, provide for exceptions to this Protective Order, except to the extent such stipulation affects the confidentiality of any documents produced by Rudd. However, the parties herein, by stipulation with Rudd, may provide for exceptions to this Protective Order for the documents Rudd produces.

26. Upon written request by HCTM, copies of all Protected Documents subject to this Protective Order shall be returned to HCTM's counsel within 30 days of such request.

27. Upon written request by Rudd, copies of all Protected Documents subject to this Protective Order shall be returned to Rudd's counsel within 30 days of such request.

**IT IS SO ORDERED.**

**DATED: September 17, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

**EXHIBIT A**

I certify that I have read the attached "Stipulated Confidentiality Agreement & Protective Order" entered in the case entitled *Donald Sims v. Hitachi Construction Truck Manufacturing, Ltd.* pending in the United States District Court, Southern District of Illinois, as Cause No. 3:09-CV-00734-JPG-DGW.  Before reviewing and/or receiving access to materials and/or testimony subject to the protection of the attached Confidentiality Agreement and Protective Order, and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of this Confidentiality Agreement and Protective Order.

I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of Illinois, in which the action of *Donald Sims v. Hitachi Construction Truck Manufacturing, Ltd.* (Cause No. 3:09-CV-00734-JPG-DGW) is pending, and binds me to the provisions of the Confidentiality Agreement and Protective Order, including to all promises undertaken in the Protective Order.  I understand that within 30 days of a written request by either Hitachi Construction Truck Manufacturing, Ltd. or Rudd Equipment Company, I have an obligation to return to either HCTM or Rudd all copies of their respective copies of the Protected Documents.

_____

Subscribed and sworn to before me this _____ day of _____, 200___.

_____
Notary Public

My Commission Expires:

_____