IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD SIMS,  )
  )
    Plaintiff,  )
  )
    v.  )   Case No. 09-cv-00734-JPG-DGW
  )
HITACHI CONSTRUCTION  )
TRUCK MANUFACTURING,  )
LTD.  )
  )
    Defendant/Third-Party Plaintiff,  )
  )
    v.  )
  )
PEABODY MIDWEST MINING, LLC,  )
  )
    Third-Party Defendant.  )
  )

**ORDER**

Currently pending before the Court is a Motion for Leave to File a Second Amended Third-Party Complaint (Doc. 90) filed by Defendant/Third-Party Plaintiff Hitachi Construction Truck Manufacturing, Ltd. ("Hitachi"). Third-Party Defendant Peabody Midwest Mining, LLC ("Peabody") filed a Response (Doc. 90) and Hitachi filed a Reply (Doc. 97). For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**Background**

On December 4, 2009, Plaintiff Donald Sims filed his Second Amended Complaint against Hitachi for injuries allegedly sustained on July 21, 2007, while attempting to escape a fire that ignited while he was operating an R190 Euclid-Hitachi Rigid Frame Truck ("R190 Truck") at a mine owned and operated by Third-Party Defendant Peabody (Docs. 14, 90). At the time of the accident, Plaintiff was employed as an end dump driver with Third-Party Defendant

Peabody, and he operated the R190 Truck during the course of his employment with Peabody. *Id.*

On November 11, 2010, Defendant Hitachi filed a Third-Party Complaint for Contribution against Peabody claiming that Peabody maintained control and possession of the R190 Truck that Plaintiff was operating at the time of his accident (Doc. 60).

On July 13, 2011, Hitachi filed a Motion for Leave to File a Second Amended Third-Party Complaint for contribution against Peabody (Doc. 90). The proposed amended third-party complaint seeks to add a new claim for negligent spoliation of evidence. *Id.* Hitachi claims that Peabody had a duty to preserve the R190 Truck and its component parts. Hitachi alleges that Peabody breached its duty by permitting removal, modification, alteration and destruction of the R190 Truck and its component parts and permitting the continued use of the R190 Truck by its employees after modifications and repairs were made. As a result of Peabody's alleged conduct, Hitachi argues, it is unable to properly defend the underlying lawsuit which necessarily entitles it to punitive damages and attorney's fees.

Peabody challenges the proposed third-party amended complaint for four reasons (Doc. 93). First, Peabody argues that Hitachi's claim for negligent spoliation of evidence fails as a matter of law because it did not breach any duty to preserve evidence. Second, Peabody contends that any claim for intentional spoliation of evidence should be stricken because Illinois does not recognize such a cause of action. Third, Peabody contends that Hitachi cannot establish that it is entitled to punitive damages. Fourth, Peabody argues that there is no justification for an award of attorney's fees. In other words, Peabody argues that Hitachi's Motion to Amend should be denied because it is futile.

**Standard**

Federal Rule of Civil Procedure 15(a) instructs district courts to freely grant parties leave to amend when justice so requires. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, of if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 747 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-849 (7th Cir. 2002)). If an amended claim would not survive a motion to dismiss, the amendment is futile. *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegation, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations omitted). In making this assessment, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009).

**Analysis**

*Negligent Spoliation of Evidence Claim*

Peabody argues that Hitachi cannot state a claim for negligent spoliation of evidence because it did not breach a duty to preserve evidence. However, a claim will be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint," as a "liberal notice pleading philosophy . . . underlies the Federal Rules of Civil Procedure." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (internal quotes omitted). In its proposed amended third-party complaint, Hitachi alleges that Peabody

maintained control and possession of the R190 truck and its component parts, and following the June 21, 2007 accident, it performed an inspection and investigation of the truck and its component parts to discover possible causes of the incident. After the completion of its investigation, Hitachi claims that Peabody secured and segregated the R190 truck and its component parts and assumed a duty to preserve the critical evidence when it knew or should of known that the truck and its component parts would be subjection to litigation and/or investigation by state and federal agencies. As a result of Peabody's failure to maintain the R190 truck and its component parts, Hitachi alleges that it was unable to inspect the truck after the accident and before the component parts were removed, altered or destroyed which renders it unable to properly defend itself in the lawsuit.

In light of the liberal notice pleading philosophy of the Federal Rules of Civil Procedure, the Court finds that Hitachi sufficiently plead the claim of negligent spoliation of evidence. *See Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004) (to sufficiently plead a negligent spoliation claim, plaintiff must allege the standard negligence elements: defendant owed a duty, the defendant breached that duty, and the defendant's breach proximately caused plaintiff's damages); *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270-271 (Ill. 1995) (same).

*Intentional Spoliation of Evidence Claim*

Hitachi does not assert a separate claim for intentional spoliation of evidence. Rather, Hitachi makes several references to Peabody's alleged "intentional acts of spoliation" in paragraphs 22, 25 and 30 in Count II (Negligent Spoliation of Evidence) of its proposed amended third-party complaint. In *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502 (7th Cir. 2007), the Seventh Circuit emphasized that Illinois does not recognize a tort of intentional

spoliation of evidence. *See also Boyd*, 652 N.E.2d at 269-270. Therefore, Hitachi claims for intentional spoliation of evidence fail as a matter of law.

*Prayer for Punitive Damages*

Peabody also contends that Hitachi is not entitled to punitive damages because Hitachi has not alleged any conduct that would permit it to recover punitive damages. Whether punitive damages can be awarded for a particular cause of action is a question of law, but whether a defendant's conduct was sufficiently willful or wanton to justify the imposition of punitive damages is a fact question for the jury to decide. *Medow v. Flavin*, 782 N.E.2d 733, 746 (Ill. App. Ct. 2002). An award of punitive damages is appropriate where the underlying tort is accompanied by aggravated circumstances such as wantonness, willfulness, malice, fraud, or oppression, or when the defendant acts with such gross negligence as to indicate a wanton disregard for the rights of others. *In re Estate of Hoellen*, 854 N.E.2d 774, 786 (Ill. Ct. App. 2006) (internal citations omitted).

Hitachi's proposed amended third-party complaint alleges that Peabody acted in "complete and reckless disregard" of the critical nature of the R190 Truck and its component parts when it carelessly committed numerous acts of spoliation when it knew or should have known of potential litigation and investigations relating to the July 12, 2007 incident. When the record is more complete, revealing details as to the specific actions of Peabody with regard to the control and maintenance of the R190 Truck and its component parts, it may be evident that punitive damages are not recoverable. But at this stage in the litigation (discovery is permitted through April 27, 2012) and in the context of the pending motion, the Court cannot declare that the punitive damage prayer is futile.

*Request for Attorney's Fees*

"Illinois follows the 'American Rule' of litigation, under which successful parties are generally responsible for their own attorney's fees unless a statute or contract provides otherwise." *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 734 (7th Cir. 2010). Hitachi has not pointed to any statute or contract that would warrant an award of attorney's fees against Peabody. Therefore, Hitachi's request for attorney's fees fail.

## Conclusion

For the reasons stated above, Hitachi's Motion for Leave to File Second Amended Third-Party Complaint (Doc. 90) is **GRANTED**. The Second Amended Third-Party Complaint shall not contain allegations of intentional spoliation of evidence or a request for attorney's fees. Plaintiff shall file its Second Amended Third-Party Complaint consistent with this Order by **August 23, 2011**.

**IT IS SO ORDERED.**

DATED: August 15, 2011

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**